TURRELL *vs.* NORMAN and HAWES.

In an action to recover damages for an alleged trespass upon land, it was admitted that the injury complained of was committed by the defendants in prosecuting the work of constructing the enlarged Erie canal, under a contract entered into between them and the state, in pursuance of the act of July 10, 1851, and it was proved that the enlarged canal had been surveyed and located upon the plaintiff's premises; that the work was all done within the limits of the location, and was only the work necessary to be done in constructing a canal; and that the state engineers directed and superintended the work. *Held*, that although the act of July 10, 1851, under which the defendants contracted to perform the work, had been declared unconstitutional and void by the court of appeals, the action would not lie; there being sufficient legal authority for the construction of the enlarged canal, independent of that act.

The moment the survey and location of a canal is adopted, and an entry upon land made by the direction or under the authority of the canal commissioner having the general charge, the appropriation of the land is complete; and although the title does not vest in the people until compensation is made, or at least until the amount is ascertained and fixed, in the mode prescribed, no action can be maintained by the owner, for the injury.

MOTION by the plaintiff for judgment, upon a case made at the circuit. The action was brought to recover damages for an alleged trespass committed by the defendants upon the crops, grass and soil of the plaintiff, situate in the town of Perrinton, Monroe county. The defendants, by their answer, denied all the allegations of the complaint, and justified the acts complained of, under chap. 274 of the laws of 1835, providing for the enlargement of the Erie canal, and also under chap. 485 of the laws of 1851, and the proceedings of the canal board had, under and in pursuance of that act, in December, 1851; together with a contract, made and entered into between the people and the defendants, for the constuction, by the latter, of a section of the Erie canal enlargement, dated Dec. 29, 1851. The defendants also alleged that the title and fee, and right of possession of the lands and premises entered upon by them, were in the state at said time when, &c. On the trial, which was had in January 1854, at the Monroe circuit, before Justice T. R. STRONG, the plaintiff gave evidence showing the amount of damages sustained, and rested. The defendants proved, and

read in evidence, a stipulation admitting certain facts ; also a copy of the minutes of the canal board locating the line of the Erie canal enlargement from Macedon to Brighton, and a copy of the contract entered into by the defendants for the construction of a section of said Erie canal enlargement. The plaintiff's counsel admitted that the injury complained of was committed by the defendants upon the real estate of the plaintiff, while prosecuting the work mentioned in the contract. And it was proved that the line of the new canal, described in the minutes of the canal board, was located upon the plaintiff's premises, and was the ordinary and necessary work done in the construction of the canal ; and that the state engineers were in attendance, superintending said work. The plaintiff's counsel objected to the evidence, and the court directed that the plaintiff's damages be assessed by the jury, subject to the opinion of the court at a general term, on a case to be made by the plaintiff. The jury, under such direction of the court, rendered a verdict for the plaintiff, for the sum of $575.

*J. D. Husbands*, for the plaintiff.

*J. H. Martindale*, for the defendants.

*By the Court*, JOHNSON, P. J. In the construction of every canal authorized by law, the canal commissioners are authorized and have power to enter on, and take possession of and use all lands, the appropriation of which for the use of such canals shall in their judgment be necessary. (1 *R. S.* 220, § 16.) It was admitted upon the trial, by the plaintiff, that the injury complained of was committed by the defendants in prosecuting the work of constructing the enlarged Erie canal, under their contract of 29th December, 1851. It was proved, in addition, by the defendants, that the enlarged canal had been surveyed and located upon the plaintiff's premises, and the work was all done within the limits of the location, and was only the necessary work to be done in constructing a canal, and that the state engineers directed and superintended the work.

Turrell *v.* Norman.

It is claimed, however, by the plaintiff, that inasmuch as the act of July 10, 1851, under which the defendants contracted to perform the work on the section in which the plaintiff's premises are embraced, has been declared unconstitutional and void by the court of dernier resort, the commissioners had no authority to appropriate the plaintiff's premises, or any portion of them, for the construction of the enlarged canal; and that therefore the entry and excavation were wholly unauthorized and tortious. But the act of 1851 was not the sole authority for constructing the enlarged canal. The principal object of that act was to provide funds, and to insure a more speedy completion of the work than could be acomplished under the then existing laws. It did not repeal any former law upon that subject, nor did it take away any power or authority then vested in the canal board or any canal commissioner. At the time of the passage of that act the construction of the enlarged canal was provided for by law, and the whole surplus revenues of the state, after certain appropriations, were irrevocably pledged by the constitution to the completion of that with other specified public works. The case was therefore made out, which established the right of the commissioner to enter and take the plaintiff's property for the use to which it was appropriated. It is of no sort of consequence to the plaintiff that the contract between the defendants and the people, under which the former were prosecuting the work, was not a valid contract. He had no interest in that contract, and its validity or invalidity did not in the least affect the question of the power of the canal commissioner to appropriate the land. If the commissioner had the power to take the land, and had directed the entry upon it, the right to enter became fixed, and the people were bound to make compensation, and the defendants were not liable to respond to the plaintiff in an action, even though they could legally claim nothing for their labor under their contract. It cannot be necessary to cite the numerous acts of the legislature, from 1835 to 1851 inclusive, to show that the construction of the enlarged canal was authorized by law, at the date of the passage of the act of 10th July, in the last named year.

It was admitted, subject to objection, that the defendants acted under the verbal authority and direction of the acting canal commissioner having in charge the western division of the Erie canal enlargement, in addition to the contract before referred to.  The location had been made on the plaintiff's premises, by the resolution of the canal board, before the contract was entered into.  I see no objection to the proof of the facts made by the defendants.  No objection seems to have been taken to the form or character of the evidence.  The moment the survey and location was adopted, and the entry made by the direction or under the authority of the canal commissioner having the general charge, the appropriation was complete; and although the title did not vest in the people until compensation made, or at least until the amount was ascertained and fixed in the mode prescribed, no action can be maintained by the owner for the injury.  (*Baker* v. *Johnson,* 2 *Hill,* 342, *and cases there cited.*)

The defendants are, in my opinion, entitled to judgment.

[MONROE GENERAL TERM, March 5, 1855.  *Johnson, Wells* and *T. R. Strong,* Justices.]